IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MELVIN LEE SANDERS, III, § | |
| Petitioner, § | |
| § | |
| v. § | Case No. 3:17-cv-2974-M-BT |
| § | |
| LORIE DAVIS, Director, Texas § | |
| Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Melvin Lee Sanders, III, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. Petitioner also filed a Motion to Request Stay and Abeyance to Exhaust Habeas Claim (ECF No. 24). For the following reasons, the petition should be dismissed, and the motion should be denied.

I.

In June 2014, Petitioner was convicted by a jury of aggravated sexual assault of a child and sentenced to life in prison. *State of Texas v. Melvin Lee Sanders, III*, No. F-47748 (18th Dist. Ct., Johnson County, Tex., June 10, 2014). The Tenth District Court of Appeals affirmed the judgment, *Sanders v. State*, No. 10-14-00211-CR, 2015 WL 2170229 (Tex. App. – Waco 2015, pet. ref'd), and

1

the Texas Court of Criminal Appeals ("CCA") refused Petitioner's petition for discretionary review, *Sanders v. State*, No. PD-0616-15. The United States Supreme Court refused Petitioner's petition for writ of certiorari. *Sanders v. Texas*, 136 S. Ct. 2413 (2016).

Petitioner also filed an application for a state writ of habeas corpus, *Ex parte Sanders*, No. 86,787-01 (ECF No. 17-30 at 19), which the CCA denied without written order on the findings of the trial court without a hearing. (ECF No. 17-24). Petitioner then filed the instant § 2254 petition in federal court, in which he argues:

> (1) the trial court erred and violated his "fair trial rights" in denying three separate motions for a mistrial after trial witnesses mentioned his criminal history and outstanding warrants;
>
> (2) the jury committed misconduct, violating his right to due process; and
>
> (3) appellate counsel provided ineffective assistance.

On November 30, 2018, Petitioner filed a Motion to Request Stay and Abeyance to Exhaust Habeas Claim. (ECF No. 24).

II.

## A.   Standard of Review

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2254. The pertinent terms of the AEDPA provide:

2

> (d)  An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

Under Texas law, when the CCA denies a state habeas petition, as in the present case, the "denial" means that the court rejected the merits of a particular claim. *See Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) ("Under Texas law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief

on the merits of the claim."); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (en banc) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claims merits."). Because the CCA denied Petitioner's claims on the merits, the deferential AEDPA standard of review applies to this petition.

### B.   Trial Court Error

On three separate occasions, Petitioner's trial counsel objected to witness testimony regarding Petitioner's previous warrants for arrest and criminal history. On each occasion, Petitioner's counsel moved for a mistrial. The trial court denied each motion for a mistrial. Petitioner claims his "fair trial rights" were violated when the trial court denied the motions for a mistrial, presumably denying his right to due process. (ECF No. 3 at 7).

Petitioner did not raise this issue, either on direct appeal, or in his state habeas application. On direct appeal, Petitioner argued the trial court misapplied Texas law. (ECF No. 17-17 at 39-49). Specifically, he argued the witnesses' statements were "in violation of Rule 403 of the Texas Rules of Evidence and Rule 404(b) of the Texas Rules of Evidence," (*Id.* at 43) and violated the Texas Rules of Evidence prohibitions against hearsay. (*Id.* at 43-49). Importantly, in his petition for discretionary review to the CCA, Petitioner continued to argue only that the denial of his motions for a mistrial violated

4

state law. (ECF No. 17-22 at 14-16). Petitioner did not raise this issue in his state habeas application. (ECF No. 17-30 at 19-76).

Each issue a petitioner raises in a federal habeas writ must have been exhausted. That is, the issue must have been "fairly presented" to the state court. *Picard v. Conner*, 404 U.S. 270, 275 (1971). The exhaustion requirement is not met when new factual claims are made in a federal petition. *Anderson v. Harless,* 459 U.S. 4, 6–7 (1982). If a petitioner fails to exhaust state remedies and the court to which he would be required to present his claims would now find the claims procedurally barred due to the petitioner's own procedural default, "federal courts are barred from reviewing those claims." *Woodfox v. Cain*, 609 F.3d 774, 793 (5th Cir. 2010) (citing *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995)). To overcome the procedural bar for failure to exhaust state remedies, a petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

In the present case, if Petitioner were to return to state court to attempt to exhaust, he would be barred from raising this claim. *See Neville v. Drekte*, 423 F.3d 474, 480 (5th Cir. 2005) (stating that "[e]xcept under extraordinary circumstances, Texas law does not permit successive petitions."); Tex. Code Crim. Proc. 11.07 § 4. Additionally, Petitioner has failed to establish, or even

5

argue, cause for the default and actual prejudice. This claim is unexhausted and procedurally barred.

## C.     Jury Misconduct

Petitioner argues his right to "due process and a fair trial" were violated due to "misconduct, bias, and expression of a reasonable doubt" by certain jurors. (*See* ECF No. 3 at 14). In support of his claim, Petitioner references an affidavit provided by one of the jurors. This affidavit was originally submitted with Petitioner's motion for a new trial in state court. (*See* ECF No. 17-26 at 2-3). In the affidavit, the juror states she "had reasonable doubt that the [Petitioner] was guilty of the sexual assault at the time, and she still [has] reasonable doubt as to his guilt today." (*Id.*). The juror also attested that she changed her vote, in part, because a female juror had said she was a rape victim, and that another juror stated Petitioner "was going to jail anyway because of the warrants." (*Id.*).

Texas law bars state review of this type of juror revelation in post-verdict proceedings. Texas Rule of Evidence 606(b)(1) (Rule 606(b)) states:

> During an inquiry into the validity of a verdict . . ., a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment. The court may not receive a juror's affidavit or evidence of a juror's statement on these matters.

Tex. R. Evid. 606(b)(1). The only exceptions to this rule - which are not pertinent here - are that a juror may testify "about whether an outside influence was improperly brought to bear on any juror" or "to rebut a claim that the juror was

6

not qualified to serve. *Id.* Rule 606(b) applies equally in the Texas habeas corpus context. *See Ex Parte Parra*, 420 S.W.3d 821, 827 (Tex. Crim. App. 2013). Thus, the allegations in the juror's affidavit were barred from consideration under Texas law. Petitioner cites no federal constitutional law demonstrating that Rule 606(b) violates due process. Petitioner provides no substantial support for his claim of a due process violation due to juror misconduct.

Moreover, the state habeas court denied this claim when it denied Petitioner's application for a state writ of habeas corpus, and Petitioner fails to show the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly-established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03; *Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). Petitioner fails to show there was no reasonable basis for the state court to deny relief. *See Richter*, 562 U.S. at 98.

D.   **Ineffective Assistance of Counsel**

Petitioner makes two claims of ineffective assistance of counsel. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court

stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

1. <u>Failure to argue the correct standard of review on direct appeal</u>

Petitioner argues appellate counsel provided ineffective assistance by raising a "factual sufficiency," rather than a "legal sufficiency" argument on appeal. Indeed, the state appellate court determined the following:

> In his first issue, Sanders contends that the evidence is "factually insufficient" to support his conviction because "it is so weak as to be clearly wrong and manifestly unjust" and the finding of guilt by the jury "is against the great weight and preponderance of the available evidence." He asks for a remand from this Court for a new trial.

8

> The "factual sufficiency" review enunciated by *Clewis v. State,* 922 S.W.2d 126 (Tex. Crim. App. 1996) and its progeny was overruled as the standard of review for a sufficiency of the evidence challenge over four years ago. *See Brooks v. State,* 323 S.W.3d 893 (Tex. Crim. App. 2010). The appropriate standard of review for a challenge to the sufficiency of the evidence is the *Jackson v. Virginia* standard. *See Jackson v. Virginia,* 443 U.S. 307, 318–19 (1979); *Lucio v. State,* 351 S.W.3d 878, 894 (Tex. Crim. App. 2011) (the reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt). By asking this Court to only review the factual sufficiency of the evidence, Sanders concedes the evidence is sufficient under the *Jackson* standard of review. Sanders' first issue is overruled.

*Sanders v. State*, No. 10-14-00211-CR, 2015 WL 2170229 *2 (Tex. App. – Waco 2015, pet. ref'd). Petitioner states that if his appellate counsel would have used the correct standard of review, there is a reasonable probability that the outcome of his appeal would have been different because the prosecution's case was "based solely on the allegation of [the complainant] that Petitioner sexually assaulted her [and] there were no witness, physical evidence, or confession by Petitioner to the allegation." (ECF No. 3 at 8).

Under *Jackson v. Virginia*, 443 U.S. 307 (1979), the standard of review is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. The trier of fact has the

9

responsibility of weighing the evidence, resolving conflicts in testimony, and drawing reasonable inferences from basic facts to ultimate facts. *Id.* Under *Jackson*, "the assessment of the credibility of witnesses is generally beyond the scope of review." *Schlup v. Delo*, 513 U.S. 298, 330 (1995). "Determining the weight and credibility of the evidence is within the sole province of the jury." *United States v. Martinez*, 975 F.2d 159, 161 (5th Cir. 1992). Courts view "any required credibility determinations in the light most favorable to the guilty verdict." *United States v. Wise*, 221 F.3d 140, 154 (5th Cir. 2000). Courts do not "second-guess[ ] the weight or credibility given the evidence by the jury." *United States v. Ramos–Garcia*, 184 F.3d 463, 465 (5th Cir. 1999).

At trial, the complainant testified that in September 2012, when she was thirteen years old, Petitioner raped her. (ECF No. 17-8 at 96-97). She stated that, against her will, Petitioner penetrated her vagina with his penis. (*Id.* at 111). Under the *Jackson v. Virginia* standard, this testimony, was sufficient to support Petitioner's conviction.

Moreover, the state habeas court found, in part, that the complainant testified at trial that when the she was thirteen years old, Petitioner "approached and asked . . . if [complainant] wanted to go inside a nearby shed to talk . . ., that when she said no and began to walk away, he asked if she wanted to discuss it inside the cab of a dump truck parked by the pond, that when she again said, "No," he grabbed her and took her to the dump truck where, after putting her inside the cab, he raped her." (ECF No. 17-29 at 10). The court additionally

10

found that the complainant's boyfriend and the boyfriend's mother corroborated the complainant's testimony at trial, and that complainant had previously told them both about the rape. (*Id.* at 12].

The court then concluded that "any rational trier of fact could have found the essential elements of the crime beyond reasonable doubt and that a challenge to the sufficiency of the evidence (based on the legal sufficiency standard of review set out in *Jackson v. Virginia*) would not have been successful on appeal. (*Id.* at 16). Petitioner fails to demonstrate the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of facts. *Williams*, 529 U.S. at 402-03 (2000). He fails to show there was no reasonable basis for the CCA to deny relief. *Richter*, 562 U.S. at 98.

2.      <u>Failure to raise a specific issue on appeal</u>

Petitioner argues appellate counsel provided ineffective assistance by failing to challenge on appeal the trial court's denial of Petitioner's motion for a new trial. Petitioner appears to argue that because a juror had submitted an affidavit expressing reasonable doubt as to Petitioner's guilt, the trial court should have granted his motion for a new trial; thus, his appellate counsel provided ineffective assistance by not challenging the denial on appeal. (*See* ECF No. 3 at 14, 16.).

"On appeal, effective assistance of counsel does not mean counsel who will raise every nonfrivolous ground of appeal available." *Green v. Johnson,* 160 F.3d

11

1029, 1043 (5th Cir.1998) (citations omitted). Reasonable strategic decisions to forgo a claim on appeal is not ineffective assistance of counsel. *See Burger v. Kemp,* 483 U.S. 776, 784 (1987). An attorney's decision not to pursue a certain claim on appeal after considering the claim and believing it to be without merit falls within the "wide range of professionally competent assistance" required by *Strickland. Smith v. Murray*, 477 U.S. 527, 536 (1986).

In an affidavit provided in the state habeas proceedings, Petitioner's appellate attorney stated:

> I did not argue on appeal the issue of whether the trial court abused its discretion by not granting Applicant's Motion for New Trial based on alleged jury misconduct. The allegation of juror misconduct was based on a juror's affidavit regarding the deliberations on guilt or innocence. Rule 606(b) of the Texas Rules of Evidence strictly prohibits this type of evidence during an inquiry into the validity of a verdict. Since Rule 606(b) would prohibit any testimony of the misconduct in question, I determined that the issue did not have any merit on appeal because the appellate court would not find an abuse of discretion.

[ECF No. 17-29 at 20]. Petitioner fails to demonstrate his appellate counsel's decision was deficient. *See Smith*, 477 U.S. at 536.

Furthermore, the state habeas court found appellate counsel "did not raise on appeal the issue of the trial court's decision not to have a hearing on Applicant's motion for new trial in that [appellate counsel] believed the issue lacked merit (i.e., that the alleged behavior did not qualify as improper outside influence under TEX. R. EVID. 606(b) and that attacking the validity of the

12

verdict was prohibited by TEX. R. EVID. 606 (b)(1))." [ECF No. 17-29 at 16.].

The habeas court then determined:

> Based on the sworn affidavit to [the appellate attorney] and the Court's review of the record and relevant law, the Court concludes that [the appellate attorney] was not ineffective under the first prong of *Strickland* for failing to raise on appeal the issue of the Court's refusal to hold a hearing on [the appellate attorney's] motion for new trial. The information contained in [the juror's] sworn affidavit (attached to the motion for new trial) raised matters barred by TEX. R. EVID. 606(b)(1) from consideration by the trial court and did not meet the "outside influence" exception under TEX. R. EVID. 606(b)(2)(A). As stated in *Ex parte Miller,* an attorney need not advance every argument, regardless of merit, urged by the appellant. It is only when appellate counsel fails to raise a claim that has indisputable merit under well settled law, and would result in reversible error, that appellate counsel is ineffective for failing to raise it.

[ECF No. 17-29 at 18]. Petitioner fails demonstrate the state court decision was improper. *See Williams*, 529 U.S. at 402-03 (2000).

### E.   Motion to Stay and Abate

On November 30, 2018, Petitioner filed a motion "requesting a stay and abeyance of his 2254 application to return back to the state court and exhaust claim(s)." (ECF No. 24). He wishes to attempt exhaust his claim that the trial court erred in denying his motions for a mistrial. He also wishes to raise a new claim of ineffective assistance of appellate counsel. As previously discussed, if Petitioner were to return to state court to attempt to exhaust, he would be barred from raising these claims. *See Neville v. Drekte*, 423 F.3d at 480; Tex. Code Crim. Proc. 11.07 § 4. To the extent Petitioner claims that the holding in *Trevino v.*

13

*Thaler*, 569 U.S. 413 (2013), would allow him to "overcome a procedural bar," he is mistaken. The holding in *Trevino* does not apply to claims of ineffective assistance of appellate counsel. *See Davila v. Davis*, 137 S. Ct. 2058 (2017). The motion should be denied.

**F.     Summary**

Petitioner's claim that the trial court erred in denying three separate motions for a mistrial, presumably denying his right to due process, is unexhausted and procedurally barred. Petitioner has provided insufficient evidence to demonstrate jury misconduct, or that his appellate counsel was ineffective on direct appeal. Moreover, Petitioner fails to show the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Williams*, 529 U.S. at 380-84. He fails to show there was no reasonable basis for the state court to deny relief. *Harrington v. Richter*, 562 U.S. at 98. Finally, Petitioner's motion to stay the proceedings is without merit.

### III.

For the foregoing reasons, the Court recommends that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be dismissed with prejudice for failure to make a substantial showing of the denial of a federal right. The Court additionally recommends Petitioner's motion to stay the proceedings be denied.

February 5, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).